**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**WILLIAM ASKEW,**

                      **Petitioner,**

      **v.**                                           **CASE NO. 21-3202-SAC**

**CRAWFORD COUNTY DISTRICT COURT,**

                      **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter comes before the Court on Mr. William Askew's motion filed August 30, 2021. (Doc. 1.) For the reasons explained below, the Court construes the motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and will direct Petitioner to file, on or before October 7, 2021, a complete and proper amended petition on court-approved forms or an notice to the Court that he does not intend to do so.

**Background**

According to Kansas' online district court records, in June 2018, Mr. Askew pled no contest in the district court for Crawford County, Kansas, to one count of aggravated battery. *State v. Askew*, Case No. 2018-CR-63. In October 2018, the Crawford County District Court (CCDC) sentenced him to 18 months' probation with an underlying prison sentence of 14 months.

In 2019, Mr. Askew pled guilty in the United States District Court for the Western District of Missouri to one count of being a felon in possession of a firearm. *United States v. Askew*, Case No. 19-5057-01-CR-SW-MDH (W. D. Mo.). In September 2020, he was

sentenced to 84 months in the custody of the federal Bureau of Prisons. *Id.*

At some point, Mr. Askew returned to Kansas state courts and in February 2021, he pled no contest in CCDC to one count of feeling or eluding a law enforcement officer. *State v. Askew*, Case No. 2019-CR-268. On April 9, 2021, CCDC held a hearing at which the district judge sentenced Mr. Askew to 12 months' imprisonment in 2019-CR-268 and revoked his probation in 2018-CR-63, ordering him to serve his underlying prison sentence in that case. The CCDC ordered that the state sentences would run consecutive to each other but concurrent to the federal sentence. Mr. Askew is currently an inmate at Lansing Correctional Facility (LCF) in Lansing, Kansas.

**Rule 35 Motion**

On August 30, 2021, he filed in this Court a form document naming himself as movant and the CCDC as respondent. (Doc. 1.) Mr. Askew checked the box on the form indicating that it is intended to be a motion to reduce or correct sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. If Mr. Askew intends this document to constitute a Rule 35 motion seeking to reduce or correct his federal sentence, such a motion must be filed in his federal criminal case in the Western District of Missouri. The Court notes, however, that Rule 35 motions brought by a criminal defendant must be filed "[w]ithin 14 days after sentencing," so any such motion would likely be untimely and a federal district court would lack jurisdiction over it. See Fed. R. Crim. P. 35(a); *United States v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012)(holding that "Rule 35(a)'s deadline [has] jurisdictional force.")

In the pleading filed in this Court, Mr. Askew identifies the

conviction or sentence under attack as those imposed by the CCDC on March 22, 2020. The Court cannot locate a conviction or sentence that occurred on that date. Nevertheless, the substance of Mr. Askew's challenge is that the CCDC ordered his state sentences to run concurrently with his federal sentence, but he is serving his state sentences "in a consecutive manner instead of being released to start serving [his federal] term while finishing [his state] sentence concurrently." *Id.* at 6-7. Thus, it appears that Mr. Askew is challenging the execution of the sentences imposed in cases 2018-CR-63 and 2019-CR-268, which he believes should be served in a federal prison. To the extent that Mr. Askew is challenging his state sentences, a motion brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure is not the proper vehicle to challenge *state*-court-imposed sentences.

**Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241**

Mr. Askew may wish to seek relief under 28 U.S.C. § 2241, which "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition.").

Under Local Rule 9.1(a), however, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be filed on an official form. See D. Kan. Rule 9.1(a). The Court will direct the clerk to send Mr. Askew the appropriate form and, if Mr. Askew wishes to do so, he may submit a complete and proper amended petition containing the claims for which relief may be sought under 28 U.S.C. § 2241.

If Mr. Askew submits an amended petition, it must be on court-

approved forms and must be complete in and of itself[1]; it may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court, in this case or another. Any grounds for relief not included in the amended petition will not be considered before the Court. Mr. Askew must include the case number of this action (21-3202) on the first page of the amended petition. If Mr. Askew submits an amended petition on the appropriate form, the Court will proceed with an initial review of the amended petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. If Mr. Askew does not wish to pursue a § 2241 petition at his time, he shall file a notice with this Court advising it of that decision. If Mr. Askew fails to submit an amended petition or a notice consistent with these directions, this action may be dismissed without further notice.

**Conclusion**

For the reasons stated above, the Court will direct Mr. Askew to file, on the appropriate court-approved forms, a petition for writ of habeas corpus under 28 U.S.C. § 2241 or to inform the court, in writing, if he does not wish to do so at this time. A failure to timely comply with the Court's order may result in this action being dismissed without further prior notice to Mr. Askew.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including October 7, 2021, in which to file a complete and proper

---

[1] To obtain relief under § 2241, Mr. Askew must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3). Moreover, the proper respondent in a § 2241 action is the person who has custody over the petitioner—the warden—not the district court that imposed the sentence at issue. See *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

amended petition in compliance with the directions in this order or to file a notice to the Court that he does not intend to do so. The failure to file at least one of these documents will result in the action being dismissed without further notice. The clerk of court shall transmit a form petition to Petitioner.

**IT IS SO ORDERED.**

DATED:  This 7th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge