IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM ASKEW,**

                **Petitioner,**

     v.                                   CASE NO. 21-3202-SAC

**CRAWFORD COUNTY DISTRICT COURT[1],**

                **Respondent.**

### MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner proceeds pro se, and the Court has liberally construed the petition. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (holding courts must construe pro se pleadings liberally but not act as a pro se party's advocate). The Court has conducted an initial review of the Petition and for the reasons that follow, the Court will request additional information from the respondent to allow the Court to complete the initial screening.

As an initial matter, the Court notes that on August 31, 2021, the Court informed Petitioner that he has neither paid the statutory filing fee of $5.00 nor submitted a motion to proceed in forma pauperis and the required documentation in support of such a motion. See 28 U.S.C. § 1914. The Court provided Petitioner with forms for filing a motion to proceed in forma pauperis and instructed

---

[1] Shannon Meyer, the current Warden at Lansing Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

Petitioner that he was required to correct the deficiency within 30 days or risk dismissal of this action without further notice for failure to comply with the Court's order. (Doc. 2.) The deadline has come and gone and Petitioner has not paid the filing fee nor submitted a motion to proceed in forma pauperis. The Court will grant Petitioner one more opportunity to comply with these requirements. If he fails to do so, this action may be dismissed without prejudice and without further notice.

In 2018, Petitioner was convicted in Crawford County District Court (CCDC) and sentenced to 18 months' probation with an underlying sentence of 14 months. *State v. Askew*, Crawford County Case No. 2018-CR-63. In 2019, Petitioner was convicted in the United States District Court for the Western District of Missouri and sentenced to 84 months in the custody of the federal bureau of prisons. *United States v. Askew*, Case No. 19-cr-5057-MDH (W.D. Mo.). In 2021 Petitioner returned to CCDC, pled no contest to fleeing or eluding a law enforcement officer, and was sentenced to 12 months' imprisonment. The CCDC also revoked Petitioner's probation in the 2018 criminal case and ordered Petitioner to serve his underlying prison sentence. The state sentences were ordered to run consecutive to each other but concurrent to the federal sentence.

Petitioner is currently an inmate at Lansing Correctional Facility in Lansing, Kansas. The sole ground for relief in his § 2241 petition is that his incarceration in a state prison means he is serving his state sentences consecutively to his federal sentence. (Doc. 4, p. 6.) He asks the Court to order his release from state custody into the custody of the federal bureau of prisons so that he can serve his federal sentence. *Id.* at 7.

Rule 4 of the Rules Governing 2254 Cases in the United States District Courts[2] requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that he petitioner is not entitled to relief . . . the judge must dismiss the petition."

As stated above, Petitioner was first convicted and sentenced in state court, then convicted and sentenced in federal court, then returned to state court. Moreover, the online records related to Petitioner's federal criminal case reflect that at the time the federal criminal prosecution began, Petitioner was in the physical custody of the State of Kansas. See *United States v. Askew*, W.D. Mo. Case No. 19-cr-5057-MDH, Doc. 7 (order for writ of habeas corpus ad prosequendum).

When a state prisoner is produced for federal criminal proceedings pursuant to a writ of habeas corpus ad prosequendum, as Petitioner was, the state does not relinquish jurisdiction over the prisoner. *See Hernandez v. U.S. Attorney Gen.*, 689 F.2d 915, 918 (10th Cir. 1982); *United States v. Zeller*, 2021 WL 1945865 (D. Kan. May 14, 2021) (Memorandum and Order). Rather, the state retains primary jurisdiction and the federal authorities assume temporary jurisdiction; after sentencing, the federal authorities return the prisoner to state custody. *See Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006); *see also Askew*, W.D. Mo. Case No. 19-cr-5057-MDH, Doc. 37 (writ of habeas corpus ad prosequendum returned executed after federal sentencing).

The online records accessible to this Court leave unclear some

---

[2] Rule 1(b) provides that the Court may apply these rules to a habeas corpus petition brought under another statutory provision.

of the facts relevant to the Court's authority to grant the requested relief. Because the State of Kansas has primary jurisdiction over Petitioner, this Court has no authority to order his transfer to a federal prison. *See Zeller*, 2021 WL 1945865, at *1 (where the state has primary jurisdiction over a prisoner, the Court has no authority to order transfer to a federal prison). In addition, it is unclear whether the federal court in the Western District of Missouri ordered the federal sentence to run concurrent or consecutive to the state sentence. "Even when a 'state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence.'" *United States v. Foy*, 672 Fed. Appx. 784, 787 (10th Cir. 2016) (quoting *United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008)).

In summary, the Court cannot determine from the information now before it whether it has the authority to grant the requested relief. Thus, the Court concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). The Court directs Respondent to file such a response limited to addressing the procedural timeline of Petitioner's prosecutions in the State of Kansas and in the Western District of Missouri and addressing the statements, if any, of the federal sentencing judge regarding whether the sentences should be served concurrently or consecutively. Upon receipt of the PAR, the Court will continue to review the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, if necessary, the Court will issue further orders.

**IT IS THEREFORE ORDERED** that Shannon Meyer, the current Warden at Lansing Correctional Facility where Petitioner is confined, is hereby substituted as Respondent in this matter. The Clerk is directed to update the docket to reflect this substitution.

**IT IS FURTHER ORDERED** that Petitioner is granted until November 12, 2021 to either pay the $5.00 statutory filing fee or submit a proper motion to proceed in forma pauperis and the required accompanying documentation. The Clerk is directed to provide to Petitioner forms for filing a motion to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Respondent is granted to and including November 12, 2021, in which to file a Pre-Answer Response that complies with this order.

**IT IS SO ORDERED.**

DATED:  This 12th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge